IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TGH2 LLC,

     Plaintiff,

v.                        Civil Action No. _____

SOUTHERN TRUCK LEASING LLC,
AKL TRANSPORT LLC, and KRIS LUNSFORD,

     Defendants.

_____/

## COMPLAINT

Plaintiff, TGH2 LLC, sue Defendants, SOUTHERN TRUCK LEASING LLC, ("Southern"), AKL TRANSPORT LLC, ("AKL"), and KRIS LUNSFORD, ("Lunsford"), (collectively "Defendants"), and alleges:

## INTRODUCTION

1.    This is an action arising from a fraudulent securities investment scheme orchestrated by Defendants to induce TGH2 to invest substantial sums of money into purported commercial trucking equipment ventures, that promised passive returns while concealing the true nature of the scheme.

2.    Defendants, through material misrepresentations, induced Plaintiff into investing significant funds into approximately two hundred and eighty-six (286) securities masqueraded as commercial truck ventures, (hereinafter "ventures"), representing that TGH2 would receive returns on their capital generated through the

1

leasing, operation, and management of commercial trucking equipment, but all along, Defendants never intended to honor their obligations.

3.    Defendants represented that their business model yielded high profits due to their ability to buy used semi-trucks in bulk, at a discount rate, and that purchase and deployment of the trucks for delivery of loads generated said profit. The more trucks Defendants could put into service, the more profits they could generate for a return on TGH2's investment, thus inducing TGH2 to "lease / purchase" more trucks.

4.    Defendants represented that:

a) AKL would maintain, operate, and otherwise manage the trucking equipment.

b) Southern would provide the trucking equipment for lease and purchase.

c) Lunsford would handle operations of the venture by acting on behalf of Southern and AKL.

d) TGH2 would have no responsibility for management, labor, operations, or maintenance, and would act solely as a passive investor in the venture.

5.    Defendant, KRIS LUNSFORD, as a duly authorized agent of AKL and Southern, made these representations on their behalf.

6.    In reliance of these representations, believing the investment proposal to be credible, TGH2 invested in the ventures, and as a result, suffered a loss

exceeding Three Million Five Hundred Thousand and 0/100 Dollars ($3,500,000.00).

7.     A friend of TGH2, TB Max Inc., acted as an intermediary for the venture, where TB Max Inc. would accept investment funds from TGH2, totaling near Six Million Four Hundred Thirty-Seven Thousand Five Hundred and 0/100 Dollars ($6,437,500.00).

8.     Approximately Five Million Seven Hundred Thousand and 0/100 Dollars ($5,700,000.00) of the investment funds were transmitted to Defendants as payments for the venture.

9.     Additionally, TGH2 paid a total of approximately One Hundred Ninety Thousand and 0/100 Dollars ($190,000.00) directly to Southern as part of the venture deal.

10.     Although only nine (9) of the two hundred and eighty-six (286) ventures were memorialized in purported lease and maintenance agreements, all investments and corresponding ventures were subject to the same uniform representations, expectations, and otherwise operated under the same course of dealing, as a single, integrated securities investment scheme.

11.     Defendants failed to lease, operate, or maintain the commercial trucking equipment as represented, diverted and misused millions of TGH2's investor funds, under the guise of a viable investment opportunity, while

intentionally and knowingly concealing material facts regarding the comprehensive venture scheme, to induce TGH2 to invest funds under false pretenses.

12.     Any purported ownership or leasehold interest TGH2 held with respect to the commercial trucking equipment was illusory, if any alleged equipment actually existed.

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff, TGH2 LLC, is a Florida limited liability company with its principal place of business located at 5701 Carder Road, Orlando, Florida.

4.     Defendant, Southern Truck Leasing LLC, ("Southern"), is a Georgia limited liability company that provides in public filing its service address as 8735 Dunwoody Place, Ste. N, Atlanta, Georgia 30350.

5.     Defendant, AKL Transport, LLC, ("AKL"), is a Georgia limited liability company that provides in public filing its service address as 1226 Birdsong View, Dacula, Georgia, 30019.

6.     Defendant, Kris Lunsford, ("Lunsford"), is the owner, managing officer, and agent of Southern and AKL and resides at 5767 Gene Sarazen Drive in Brasselton, Georgia, 30517.

7.     This Court has federal question jurisdiction under the Securities Exchange Act, because Plaintiff asserts claims arising under the laws of the United States, including 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5 (Employment of manipulative and deceptive devices).

8.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff, TGH2 LLC, is a Florida limited liability company with its principal place of business in Florida, and Defendants reside in Georgia. The amount in controversy exceeds $75,000, exclusive of fees, interest, and costs.

9.     This Court has personal jurisdiction over Defendants under Florida Statute § 48.193 because Defendants conducted business in Florida, committed tortious acts in Florida, caused injury to persons in Florida by act or omissions outside Florida while the Defendants were engaged in solicitation or service activities in Florida, breached contracts in Florida by failing to perform acts required by the contract, and engaged in substantial and not isolated activity in Florida.

10.     Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District and the subject ventures giving rise to TGH2's claims took place in this District.

## GENERAL ALLEGATIONS

11.     Plaintiff and Defendants entered into a commercial trucking investment venture. Lunsford, on behalf of AKL and Southern, fraudulently induced TGH2 to enter into this investment agreement, in which TGH2 would provide capital funds to Defendants in exchange for purported leases of 286 trucks, of which Defendants would retain complete control over the operation and management, with promise of a monetary return to TGH2 as a passive investor.

12.     Only nine of the two-hundred eighty-six purported investment leases were reduced to writing, and said writings were purposefully not executed by Defendants, rather were only signed by TGH2.

13.     An exemplar of one of the truck lease agreements is referenced herein: On or about August 17, 2024, TGH2 and Defendants entered into a written Lease Agreement (No. LA0674) concerning a 2019 International LT 625 Truck (VIN 3HSDZAPR6KN115902), (hereinafter "Lease Agreement"). A true and correct copy of the Lease Agreement is attached hereto as **Exhibit A**.

14.     Under the Lease Agreement, TGH2 was obligated to pay an Eight Thousand and 0/100 Dollars ($8,000.00) down payment for the "privilege of having the lease", and weekly lease payments of Seven Hundred and 0/100 Dollars ($700.00), commencing on September 13, 2024, for a total of two hundred and fifty-two (252) payments, in exchange for use of the truck, with an option to buy said truck at the end of the term.

15.     An example of one of the corresponding illusory management agreements to Lease Agreement LA0674 is attached as **Exhibit B**.

16.     Over the course of time between September 2024 through March 2025, TGH2 provided funds near Six Million and 0/100 Dollars ($6,000,000.00) to Defendants for the purpose of investing into the illusory trucking equipment scheme, with expectation of receipt of a monetary return, as promised.

17.    Defendants knowingly fraudulently misrepresented their ability to manage, operate, and maintain the trucking equipment in accordance with the representations made to TGH2, as well as the Lease Agreement terms and Management Agreement terms.

18.    Defendants' representations were false when made to TGH2.

19.    Defendants lacked the intent or capabilities to deliver on the representations made to TGH2.

20.    At all times relevant hereto, AKL, Southern, and Lunsford acted in concert with one another, as Lunsford created AKL and Southern as sham entities, to perpetuate his fraudulent scheme.

21.    As a result, TGH2 suffered damages exceeding Three Million Five Hundred Thousand and 0/100 Dollars ($3,500,000.00), including lost payments, attorney's fees, and consequential damages.

### COUNT I
### FRAUD - SECURITIES EXCHANGE ACT OF 1934 § 10(b), 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5 AGAINST ALL DEFENDANTS

22.    Plaintiff realleges and incorporates by reference paragraphs 1-21.

23.    Defendants, in concert with one another, and in connection with the offer and sale of securities, employed a calculated scheme or artifice to defraud TGH2, when making untrue statements of material facts, and omitted material facts necessary to make the statements not misleading.

24. The ventures, involving sale of commercial trucking equipment, constitute investment contracts, and are therefore deemed securities within the meaning of federal securities law.

25. Defendants made material misrepresentations and omissions regarding the existence of legitimate trucking equipment, leases, and management operations, profitability of the investment scheme, use of TGH2's investment funds, and Defendants' ability and intent to perform as represented.

26. Defendants acted with scienter, as they knew their statements were false or misleading when made, or acted with reckless disregard for the truth, and intended that TGH2 rely on these misrepresentations.

27. Defendants employed interstate commerce, including trucking equipment, electronic communications, and wire transfers, in furtherance of the fraudulent scheme.

28. TGH2 materially and reasonably relied on Defendants' misrepresentations, resulting in significant investment of funds into the ventures, and as a direct result, TGH2 suffered an economic loss of approximately Three Million Five Hundred Thousand and 0/100 Dollars ($3,500,000.00).

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of Three Million Five Hundred Thousand and 0/100 Dollars ($3,500,000.00), punitive damages, treble damages, compensatory damages, pre-judgement, statutory

damages, post-judgement interest, costs of suit, plus costs and fees, including attorney's fees, and any other relief this Court deems just and proper.

**COUNT II**

**FLORIDA SECURITIES FRAUD – FLORIDA STATUTES § 517.301 and § 517.211 AGAINST ALL DEFENDANTS**

29.     Plaintiff realleges and incorporates by reference paragraphs 1-21.

30.     Defendants, acting in concert with one another, offered and sold securities to TGH2 within the meaning of Chapter 517, Florida Statutes.

31.     The ventures, involving sale of commercial trucking equipment, constitute investment contracts under Florida Statute § 517.021(33)(q), because TGH2 invested funds into a common enterprise with an expectation of profits to be derived from the efforts of Defendants and their illusory business model.

32.     Defendants failed to register the securities prior to selling or offering to sell the ventures to TGH2, in violation of Florida Statute § 517.07.

33.     In connection with the offer and sale of these securities, Defendants:

a.   employed a scheme to defraud and obtain funds from TGH2 by means of untrue statements of material fact;

b.   omission to state a material fact necessary in order to make the statements made not misleading; and

c.   engaged in a transaction, practice, and course of business which operates or would operate as a fraud or deceit upon a person, in violation of Florida Statute § 517.301(1)(a).

9

34. TGH2 materially and reasonably relied on Defendants' misrepresentations and omissions, resulting in significant investment of funds into the ventures, and as a direct result, TGH2 suffered an economic loss of approximately Three Million Five Hundred Thousand and 0/100 Dollars ($3,500,000.00).

35. TGH2 is entitled to all available remedies under Florida Statute § 517.211, including but not limited to recovery of statutory damages, interest, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of Three Million Five Hundred and 0/100 Dollars ($3,500,000.00), punitive damages, treble damages, compensatory damages, statutory damages, pre-judgement, post-judgement interest, costs of suit, plus costs and fees, including attorney's fees, and any other relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 8, 2026

s/ Katie R. Gallagher

**Tucker H. Byrd**
Florida Bar No. 381632
**Lina M. Lopez**
Florida Bar No.
**Katie R. Gallagher**
Florida Bar No. 1058973
BYRD CAMPBELL, P.A.
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: LLopez@ByrdCampbell.com
Primary Email: KRGallagher@ByrdCampbell.com
Secondary Email: Paralegal@ByrdCampbell.com
*Attorneys for Plaintiff*